IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PRACTICEPROTECTION CASUALTY COMPANY f/k/a DOCTORS DIRECT INSURANCE, INC., <br><br> Plaintiff, <br><br> v. <br><br> CENTER FOR GASTROINTESTINAL HEALTH, S.C., et al., <br><br> Defendants. | Case No. 25-CV-00784-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is Defendant Veronica Douglas's Second Motion to Dismiss Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for Lack of Subject Matter Jurisdiction (Doc. 44). Having been fully informed of the issues presented, this Court **GRANTS** Veronica Douglas's Motion to Dismiss.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This lawsuit concerns insurance coverage for Center for Gastrointestinal Health, S.C. ("CGH") in connection with three medical malpractice actions filed in the Circuit Court of St. Clair County, Illinois. The underlying actions were brought by Efrain and Vickie Franco, Melissa and Robert Porter, and Veronica Douglas against CGH, Kurt Sprunger, M.D., and others. (Doc. 1, ¶¶ 17–19, Exs. B–D). Douglas filed her underlying action on or about August 17, 2021, seeking damages for injuries she allegedly sustained while receiving medical care from Sprunger and CGH in

March 2020. (Doc. 1, Ex. C); *Douglas v. Kurt Sprunger, M.D., et al.*, Case No. 21L0449 (Ill. Cir. Ct. 2021).

PracticeProtection Casualty Company, formerly known as Doctors Direct Insurance, Inc. ("PracticeProtection"), issued CGH a medical professional liability insurance policy, Policy No. E14-50415 (the "Policy"). (Doc. 1, Ex. A). PracticeProtection initially defended CGH in the underlying actions under a reservation of rights but later denied coverage. (*Id.*, ¶ 22). On April 30, 2025, PracticeProtection filed this declaratory judgment action against CGH and the five plaintiffs in the underlying state-court actions. (*Id.*, ¶¶ 2–7). PracticeProtection seeks a declaration that the Policy does not provide coverage for CGH, that PracticeProtection has no duty to defend or indemnify CGH, and that it has no obligation to pay any judgment or settlement entered against CGH in the underlying actions. (*Id.*, ¶¶ 24–27).

Douglas previously moved to dismiss this action for lack of subject matter jurisdiction, and CGH separately sought dismissal under the *Brillhart* abstention doctrine. (Docs. 28, 34). On January 7, 2026, this Court denied both motions. (Doc. 41). In addressing abstention, this Court concluded that, under Illinois law, the underlying tort claimants were necessary parties to the coverage action and that it was not apparent their interests would be adequately represented by CGH or another party. (*Id.* at 26–27 (citing *Great W. Cas. Co. v. Mayorga*, 342 F.3d 816, 817 (7th Cir. 2003))). On January 20, 2026, however, Douglas's underlying state-court action was dismissed with prejudice, and no judgment was entered before its dismissal. (Doc. 44, ¶¶ 4–5, Ex. 1). She then moved to dismiss the action against her pursuant to Federal

Page 2 of 6

Rule of Civil Procedure 12(b)(1), arguing that she no longer has any claim against CGH or Sprunger and thus no longer possesses an interest in the coverage dispute sufficient to sustain a case or controversy between herself and PracticeProtection. (Doc. 44, ¶¶ 6–8).

## APPLICABLE LAW AND LEGAL STANDARDS

Federal courts are courts of limited jurisdiction and possess only the authority conferred by Article III of the Constitution and by statute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the Court's subject matter jurisdiction. The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006). When considering a Rule 12(b)(1) motion, the Court may look beyond the allegations of the complaint and consider competent evidence submitted by the parties to determine whether subject matter jurisdiction exists. *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015).

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction," a federal court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). The Act's "actual controversy" requirement is coextensive with Article III's limitation of federal jurisdiction to "Cases" and "Controversies." *Amling v. Harrow Indus. LLC*, 943 F.3d 373, 377 (7th Cir. 2019) (citing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)). Accordingly, in an action seeking declaratory relief, the relevant inquiry is "whether the facts alleged, under all the circumstances, show that there is

a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, 549 U.S. at 127 (quoting *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

In the context of insurance coverage litigation, the Seventh Circuit has recognized that an underlying tort claimant ordinarily possesses a legally protectable interest in the alleged tortfeasor's liability insurance policy before obtaining a judgment because the claimant has a potential financial interest in the policy proceeds. *See Truck Ins. Exch. v. Ashland Oil, Inc.*, 951 F.2d 787, 789 (7th Cir. 1992); *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 682 (7th Cir. 1992). Consistent with that principle, Illinois law generally treats underlying tort claimants as necessary parties to declaratory judgment actions concerning insurance coverage. *See Great W. Cas. Co.*, 342 F.3d at 817 (citing *Zurich Ins. Co. v. Baxter Int'l, Inc.*, 670 N.E.2d 664, 668–69 (Ill. 1996)); *Society of Mount Carmel v. National Ben Franklin Ins. Co. of Ill.*, 643 N.E.2d 1280, 1285 (Ill. App. Ct. 1994).

### ANALYSIS

In denying Defendants' earlier motions to dismiss, the Court concluded that Douglas was a necessary party to this declaratory judgment action because, under Illinois law, underlying tort claimants generally possess a legally protectable interest in insurance coverage disputes. (Doc. 41, pp. 26–27 (citing *Great W. Cas. Co.*, 342 F.3d at 817)). At that time, her medical malpractice action against CGH was pending, and her interests were not adequately represented by any other party to this litigation. (*Id.*). Since the entry of that Order, however, the factual circumstances underlying

this Court's jurisdictional analysis have materially changed. Douglas's underlying action has been dismissed with prejudice, no judgment was entered before its dismissal, and she represents that she no longer has any claim against CGH, Dr. Sprunger, or any of CGH's agents or employees. (Doc. 44, ¶¶ 4–7, Ex. 1). Thus, unlike when the Court previously considered the issue, she no longer has a pending tort claim giving rise to a present interest in the availability of insurance coverage. The issue before this Court is whether any legally protectable interest remains following the dismissal with prejudice of her underlying action.

In Illinois, a party is necessary to an action where the party has "a present substantial interest as distinguished from a mere expectancy or future contingent interest." *Oglesby v. Springfield Marine Bank*, 52 N.E.2d 1000 (Ill. 1944). This means that an underlying tort claimant is a necessary party in a declaratory judgment action on whether an insurer has a duty to indemnify an insured because "such actions 'ha[ve] the potential to eliminate a source of funds for the injured claimant.'" *Georgia-Pac. Corp. v. Sentry Select Ins. Co.*, No. 05-CV-826-DRH, 2006 WL 1525678, at *5 (S.D. Ill. May 26, 2006) (citation omitted).

Here, however, Douglas has no present substantial interest in this action because her underlying tort claim has been dismissed with prejudice. (Doc. 44, ¶¶ 4–5, Ex. 1). She no longer has any claim against CGH or Sprunger, (*id.*, ¶¶ 6–8), so this suit could not "eliminate a source of funds" available to her in an underlying action, *see Georgia-Pac. Corp.*, 2006 WL 1525678, at *5. Therefore, she is no longer a necessary party to this suit. *See American Home Assur. Co. v. Nw. Indus., Inc.*, 365

Page 5 of 6

N.E.2d 956, 961 (1977) (holding that settlement removed underlying tort claimant's "present and substantial" interest in duty to indemnify declaratory judgment action).

## CONCLUSION

For the foregoing reasons, Defendant Veronica Douglas's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 44) is **GRANTED**. Defendant Veronica Douglas is **DISMISSED** from this action. This action shall proceed as to the remaining parties.

**IT IS SO ORDERED.**

**DATED: July 23, 2026**

**STEPHEN P. McGLYNN**
**U.S. District Judge**